IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DAVID SCOTT CARLYLE                                                      PETITIONER

v.                          NO. 2:17-cv-00103 JM/PSH

GENE BEASLEY, Warden, FCI-Forrest City                                   RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

On March 6, 2012, petitioner David Scott Carlyle ("Carlyle") was arrested and detained. See Docket Entry 7, Declaration of James D. Crook at 1; Docket Entry 7, Declaration of James D. Crook, Attachment 1 at CM/ECF 3. He was subsequently indicted in the United States District Court for the Eastern District of Missouri in United States v. Carlyle, 1:12-cr-00057-SNLJ-001. See Docket Entry 7, Declaration of James D. Crook, Exhibit C at CM/ECF 1-2. On August 13, 2012, he pleaded guilty in 1:12-cr-00057-SNLJ-001 to one count of conspiracy to distribute five hundred grams or more of a substance containing a detectable amount of methamphetamine. See Docket Entry 7, Declaration of James D. Crook, Exhibit B at CM/ECF 1. Carlyle was sentenced on November 13, 2012, to 120 months in the custody of the Federal Bureau of Prisons ("BOP"). See Docket Entry 7, Declaration of James D. Crook at 1; Docket Entry 7, Declaration of James D. Crook, Attachment 1 at 2-3. The records maintained by the BOP reflect that he was committed to the BOP's custody on November 27, 2012. See Docket Entry 7, Declaration of James D. Crook, Attachment 1 at 2.

The records maintained by the BOP reflect that Carlyle's sentence in 1:12-cr-00057-SNLJ-001 was deemed to have commenced on the day it was imposed, i.e., November 13, 2012. See Docket Entry 7, Declaration of James D. Crook at 1; Docket Entry 7, Declaration of James D. Crook, Attachment 1 at 2-3. The records reflect that he was also given credit on his sentence in 1:12-cr-00057-SNLJ-001 for the period he was detained prior to the imposition of the sentence, i.e., from March 6, 2012, through November 12, 2012. See Docket Entry 7, Declaration of James D. Crook at 1-2; Docket Entry 7, Declaration of James D. Crook, Attachment 1 at 2-3.

At some point, Carlyle came to disagree with the BOP's calculation of his sentence in 1:12-cr-00057-SNLJ-001. Rather than pursue an administrative challenge to the calculation of his sentence, he filed the petition at bar pursuant to 28 U.S.C. 2241 and joined respondent Gene Beasley ("Beasley"). In the petition, Carlyle alleged the following:

> Credit for jail time served after sentencing and awaiting extradition to the B.O.P. Supporting facts: I was detained from November 13, 2012, until November 27, 2012, awaiting extradition without getting credit for that time served by the B.O.P. Time Computation Division. [It] is in violation of 18 U.S.C. 3585(b).

See Docket Entry 1 at CM/ECF 2. Carlyle asked that he be given credit on his sentence for the period from November 13, 2012, to November 27, 2012.

Beasley filed a response to the petition. In the response, Beasley maintained that the petition should be dismissed because Carlyle has already received the relief he requests, i.e., credit on his sentence in 1:12-CR-00057-SNLJ-001 for the period from November 13, 2012, to November 27, 2012. Beasley alternatively maintained that the petition should be dismissed because it is moot, noting that "[i]f the issue is now moot, the Court has no discretion and must dismiss the action for lack of jurisdiction." See Docket Entry 7 at CM/ECF 3.[1]

The undersigned accorded Carlyle an opportunity to file a reply to Beasley's response. Carlyle was given up to, and including, September 22, 2017, to file his reply. The time for filing a reply has now come and gone, and Carlyle filed nothing in reply.

---

[1] Because Beasley did not address Carlyle's apparent failure to exhaust his administrative remedies, the undersigned will not consider the issue.

The undersigned has thoroughly reviewed the parties' pleadings and exhibits. On the basis of that review, it is clear that Carlyle's petition warrants no relief for one simple reason: he has obtained the relief he seeks, and his petition does not present a case or controversy.[2] It is not clear if the BOP was, at one time, refusing to credit his sentence in 1:12-cr-00057-SNLJ-001 for the period from November 13, 2012, to November 27, 2012. It is clear, though, that his sentence is now being calculated in such a manner as to give him credit for that period. The BOP records reflect that his sentence is deemed to have commenced on the day it was imposed, i.e., November 13, 2012. He is now being given credit on his sentence for the days that followed November 13, 2012, including the days leading up to November 27, 2012, when he was awaiting when he characterizes as "extradition."[3]

Because Carlyle's petition does not present a case or controversy, it is recommended that the petition be dismissed and all requested relief be denied. Judgment should be entered for Beasley.

DATED this 27th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] A court cannot adjudicate a dispute in the absence of a "case or controversy." See Ayyoubi v. Holder, 712 F.3d 387 (8th Cir. 2013). The requirement of a "case or controversy" is not satisfied if the question sought to be adjudicated has been mooted by subsequent developments." See Robert v. Norris, 415 F.3d 816, 819 (8th Cir. 2013) (internal quotations and citation omitted).

[3] The undersigned again notes that Carlyle is also being given credit on his sentence in 1:12-cr-00057-SNLJ-001 for the period he was detained prior to the imposition of the sentence, i.e., from March 6, 2012, through November 12, 2012.